UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMON SILVA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAMERON WALKER, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. C19-1294-RAJ-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL |

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion for an extension of time to file an appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure (FRAP). (Dkt. # 27.) Plaintiff indicates in his motion that he wishes to appeal the Order issued by United States District Judge Richard A. Jones on April 17, 2020 dismissing some, but not all, of the claims asserted by Plaintiff in his civil rights complaint. (*Id.*) Plaintiff asserts in his motion that he only recently learned he could appeal Judge Jones' Order, and he also appears to assert that his confusion about events that preceded issuance of the Order caused him to miss the deadline for filing an appeal. (*See id.*) Defendants argue in their response to Plaintiff's motion that the motion

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 1

should be denied because Plaintiff has not shown excusable neglect or good cause for the requested extension as required by FRAP 4(a)(5)(A)(ii). (Dkt. # 28.)

The Court need not address the question of whether the requested extension is warranted because Judge Jones' Order is not appealable at this time. The Order Plaintiff wishes to appeal disposed of only a portion of this case while other portions of the case remain pending. Interlocutory appeals such as the one Plaintiff apparently wishes to pursue are allowed only under specific circumstances. The procedural requirements for such appeals are set forth in 28 U.S.C. § 1292(b). Section 1292(b) "provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *City of Los Angeles, Harbor Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996).) Section 1292(b) permits a court to certify an order for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Plaintiff's proposed appeal does meet the requirements for certification of an interlocutory appeal as set forth in § 1292(b). Accordingly, Plaintiff's motion for an extension of time to file an appeal is effectively moot.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for an extension of time to file an appeal (dkt. # 27) is DENIED.

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 2

(2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Richard A. Jones.

Dated this 21st day of July, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 3